**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DEBORAH JOHNSON, *et al.,*

Plaintiffs,

   v.        **Civil Case No. 04-344 (EGS)**

CHASE MANHATTAN MORTGAGE
CORP., *et al.,*

Defendants.

<u>**MEMORANDUM OPINION**</u>

  Plaintiff Deborah Ann Johnson, proceeding *pro se*, commenced this action alleging that the defendants, Chase Manhattan Mortgage Corporation ("Chase") and Litton Loan Servicing, LP ("Litton"), violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.,* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  Pending before the Court are (1) defendant Chase's Motion to Dismiss the Amended Complaint; (2) defendant Litton's Motion to Dismiss the Amended Complaint; and (3) plaintiff's Motion to Join Attorney L. Darren Goldberg and Draper and Goldberg, PLLC as Defendants.  Upon consideration of these motions, the responses and replies thereto, and the entire record, the Court hereby concludes that defendant Chase's motion is **GRANTED**, defendant Litton's motion is **GRANTED**, and plaintiff's motion is **DENIED**.

I.    **BACKGROUND**

On August 14, 2002, Chase made a loan to plaintiff in the amount of $131,750. Am. Compl. ¶ 9.  This loan was secured by a Deed of Trust on plaintiff's home, located at 612 Jefferson Street, N.W., Washington, D.C. *Id.* at ¶ 10.  Plaintiff was the sole owner of her home. *Id.* at ¶40.  The Deed of Trust was recorded in the District of Columbia Land Records on August 27, 2002. *Id.* at ¶ 11.  On March 6, 2003, a foreclosure sale took place, and the successful bidder was a third party not involved in this case. *See* Decl. Eileen Lare, ¶ 12.  The sale was not consummated, however, because plaintiff initiated a civil action in the Superior Court of the District of Columbia on March 28, 2003. *See Deborah Johnson v. L. Darren Goldberg, et al.*, Case No. 2297. Shortly thereafter, on April 21, 2003, Chase assigned the servicing of the loan to defendant Litton. Am. Compl. at ¶ 12.

Plaintiff filed an amended complaint in Superior Court on November 26, 2003.  In that action, plaintiff challenged the validity of the loan made to her by Chase and the foreclosure sale of her home.  On December 9, 2005, the Court dismissed with prejudice the claims against defendant Chase.  The claims against the other defendants, Darren Goldberg and Draper & Goldberg, PLLC, were dismissed with prejudice on January 22, 2004.

Following the dismissal of her case in Superior Court, plaintiff filed a complaint in this Court on March 3, 2004.  On

June 8, 2005, plaintiff amended her complaint.  In her four count amended complaint, she alleges that defendants Chase and Litton violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.,* by failing to "deliver to the plaintiff two copies of a notice of the right to rescind" the loan pursuant to 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23. Am. Compl. ¶¶ 15-27.  Next, plaintiff alleges that both defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by their "deliberate failure to honor plaintiff's request that [Litton and Chase] validate any purported debt [they] constantly demanded from plaintiff." *Id*. at ¶¶ 28-39.  Third, plaintiff seeks to quiet title by adverse possession under D.C. Code § 16-3301 and 23 U.S.C. § 2201. *Id*. at ¶ 42.  Finally, plaintiff requests an award of punitive damages against the defendants for their "careless and obdurate disregard for plaintiffs' property rights, reputation and well-being." *Id*. at ¶ 43.

On July 12, 2004, the Court permitted plaintiff's son, Dwuan Johnson, to intervene in this case.  In his *pro se* complaint, the intervenor alleges one claim against defendant Chase.  He asserts that Chase's "fraudulent foreclosure and auction conflicts with the intervenors security interest in the subject matter real estate."  Intervenor's Compl. ¶ 6.

## II.  STANDARD OF REVIEW

The defendants' respective motions to dismiss are brought

pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure
to state a claim.  The Court will not grant a motion to dismiss
for failure to state a claim under Rule 12(b)(6) "unless it
appears beyond a doubt that the plaintiff can prove no set of
facts in support of his claim which would entitle him to relief."
*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI
Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).
Accordingly, at this stage of the proceedings, the Court accepts
as true all of the complaint's factual allegations.  *See Doe v.
United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir.
1985).  Plaintiffs are entitled to "the benefit of all inferences
that can be derived from the facts alleged."  *Kowal*, 16 F.3d at
1276.

### III. DEFENDANT CHASE'S MOTION TO DISMISS

#### A.  *Res Judicata*

Defendant Chase argues that plaintiff's TILA and FDCPA
claims are barred by *res judicata* because they arise out of same
nucleus of facts as the Superior Court action filed and
adjudicated prior to this suit.  This Court agrees.

The doctrine of res judicata provides that when a final
judgment has been entered on the merits of a case, the effect of
that final judgment would be preserved and applied to subsequent
cases that arise out of the same set of facts and transaction.
*See Nevada v. U.S.,* 463 U.S. 110, 129-130 (1983) (a judgment "is

a finality as to the claim or demand in controversy, concluding
parties and those in privity with them, not only as to every
matter which was offered and received to sustain or defeat the
claim or demand, but as to any other admissible matter which
might have been offered for that purpose"). A judgment is
entitled to preclusive effect if (1) parties in the subsequent
action are identical or in privity; (2) the events underlying the
claims are substantially related; and (3) the nonmoving party had
a full and fair opportunity to litigate the claims. *Id*. Here,
plaintiff's amended complaint meets those elements.

The Superior Court order dismissing plaintiff's case is
entitled to preclusive effect with respect to plaintiff's TILA
and FDCPA claims before this Court. First, both plaintiff and
defendant Chase were parties to the Superior Court case. Second,
the claims asserted by plaintiff in her Superior Court case and
the claims asserted in this case all arise from the same nucleus
of facts, namely, the validity and enforceability of Chase's loan
and deed of trust, and the propriety of the foreclosure pursuant
to the deed of trust. Although plaintiff did not raise precisely
the same TILA and FDCPA claims in her Superior Court case, res
judicata bars all claims that could have been raised, even if
they were not. *See Nevada,* 463 U.S. at 130. Because plaintiff
could have asserted during her Superior Court litigation that she
was not provided a notice of her right to rescind under TILA and

5

that the defendants failed to verify her indebtedness under
FDCPA, she is barred from litigating them in this Court.

Finally, plaintiff had every incentive and opportunity to
fully litigate her claims in Superior Court.  In fact, she was
afforded an opportunity to amend her Superior Court complaint.
Thus, because all of the claims plaintiff asserts in this case
arise out of the same cause of action litigated in Superior
Court, this Court must give preclusive effect to the Superior
Court judgment.

The facts of this case are closely analogous to *Walker v.
Independence Federal Savings Bank*, 1999 WL 1273427 (D.D.C. June
28, 1999).  In *Walker*, the plaintiff sued in the Superior Court
of the District of Columbia, alleging fraud and other causes of
action, and sought recovery of damages incurred as a result of
the defendant bank's foreclosure and alterations of the original
deed and deed of trust.  The Superior Court entered judgment in
favor of the bank.  Plaintiff then filed a separate suit in the
United States District Court for the District of Columbia,
claiming violations of TILA, the Racketeer Influenced and Corrupt
Organizations Act ("RICO"), Real Estate Settlement Procedures
Act, breach of contract, and common law tort claims.  The *Walker*
Court held that the plaintiff's claims were barred by the
doctrine of res judicata because the Superior Court's resolution
of the matters constituted a final judgment on the merits.  The

6

same applies in the instant case before this Court.  Accordingly, plaintiff's TILA and FDCPA claims against Chase are barred by the doctrine of res judicata.

### B.   *Adverse Possession*

Turning to plaintiff's claim of adverse possession, defendant Chase argues that plaintiff has not satisfied the requirements of adverse possession and therefore, this claim must fall.

Under the District of Columbia Code, obtaining a valid title to land by adverse possession requires actual, exclusive, continuous, open and notorious possession for 15 years. D.C. Code § 12-301-1(1981).  Plaintiff signed the security interest over to defendant Chase on August 12, 2002, thus, she has not satisfied the requisite time period to "win" back her title to the property.  Less than three years have passed since plaintiff granted a security interest to Chase by signing the deed of trust.  Accordingly, her claim to quiet title by adverse possession is dismissed.

### C.   *Punitive Damages*

Plaintiff's final cause of action is a claim for punitive damages.  However, "[p]unitive damages is a remedy and not a freestanding cause of action," *Int'l Kitchen Exhaust Cleaning Ass'n. v. Power Washers of North America,* 81 F. Supp. 2d 70, 74 (D.D.C. 2000), therefore, the Court will dismiss this "claim" at

this juncture.

Accordingly, since plaintiff has failed to allege any set of facts upon which relief can be granted, all of the claims asserted by the plaintiff against defendant Chase are dismissed.

### D.   Intervenor's Complaint

Defendant Chase argues that intervenor Dwuan Johnson's complaint should be dismissed because he has failed to plead his claim of fraud with specificity.  Federal Rules of Civil Procedure 9(b) states that fraud shall be pled with particularity, meaning the pleader must state the time, place, content of the false misrepresentation, the fact misrepresented, and what was obtained or given up as a consequence of the fraud. *See* Fed. R. Civ. P. 9(b); *U.S. ex rel. Joseph v. Cannon,* 642 F.2d 1373, 1385 (D.C. Cir. 1981).  Requirement of particularity is to "discourage the initiation of suits brought solely for their nuisance value, and safeguards potential defendants from frivolous accusations of moral turpitude." *U.S. ex rel. Joseph,* 642 F.2d at 1385.

Here, the intervenor merely reaches a legal conclusion that foreclosure was based on fraud, but does not provide any necessary facts to support that conclusion.[1]  The Court is

---

[1] Paragraph 6 and 7 of his complaint states in entirety, "Defendant Chase Manhattan Mortgage Corp. fraudulent foreclosure and auction conflicts with the intervenors (secured party) security interest in the subject matter real estate. The intervenor in this matter has a commercial and common-law lien

mindful of the policy that an added measure of leniency is
extended to *pro se* litigants respecting procedural requirements,
*see Moore v. Agency for International Development*, 994 F. 2d 874,
877 (D.C. Cir. 1993), however, a "*pro se* complaint is subject to
dismissal if the pleading fails reasonably to inform the adverse
party of the asserted cause of action." *Brown v. Califano,* 75
F.R.D. 497 (D.D.C. 1977).  Because the intervenor has completely
failed to make out a claim for fraud, the intervenor's claim
against defendant Chase is dismissed without prejudice to
refiling.

## IV.  DEFENDANT LITTON'S MOTION TO DISMISS

Defendant Litton argues that plaintiff's TILA and FDCPA
claims are barred by res judicata because Litton is in privity
with defendant Chase, and the claims arise out of the same
nucleus of facts as the Superior Court action.

Because defendant Litton was not a party of record in the
Superior Court litigation, the Court must determine if privity
exists between Litton and Chase. The District of Columbia Court
of Appeals has adopted the following definition of privity.[2]

---

and a U.C.C.-1  financing statement recorded as a constructive
notice regarding the security interest with the recorder of deeds
in Washington, D.C."

    [2] The Full Faith and Credit Statute, 28 U.S.C. § 1738,
directs a federal court to apply the preclusion law of the state
in which the judgment was rendered. *See Marrese v. Am. Acad. of
Orthopaedic Surgeons*, 470 U.S. 373, 380 (1982) ("[t]he preclusive

"The term privity denotes a mutual or successive relationship to the same right of property.  Agents and principals do not, as such, have any mutual or successive relationship to rights of property and therefore are not ordinarily in privity with each other." *Washington v. H.G. Smithy Co.*, 769 A.2d 134, 138 (D.C. 2001).  *See also In re Ty B.*, 878 A.2d 1255, 1262 (D.C. 2005) (internal citations omitted) (noting that historically, privity has been applied in the limited context of real or personal property transactions involving mutual or successive relationship to the same right of property, *i.e.* executor is in privity with the testator, heir with the ancestor, assignee with the assignor, donee with the donor, and lessee with the lessor).

By a letter dated April 4, 2003, Chase informed plaintiff that the servicing of her loan from Chase was assigned, sold or transferred from Chase to Litton, effective April 21, 2003. *See* Amended Compl., Ex. D, Notice of Assignment. This assignment occurred after the filing of plaintiff's initial complaint in

---

effect of a state judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings 'shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.'"); *Walker*, 1999 WL 1273427, at *3 n.3 (holding that the Full Faith and Credit Clause statute requires that the District of Columbia's common law of *res judicata* applies. Also, the court noted that there is no material difference between the District of Columbia's law of *res judicata* and the federal common law of *res judicata*.).

Superior Court, but before the filing of her amended complaint before the same court.  Since an assignor is in privity with an assignee, the Court finds that Litton is in privity with Chase.[3] Therefore, plaintiff's TILA and FDCPA claims against Litton are barred by the doctrine of res judicata.[4]

Further, as articulated above, plaintiff's claim against Litton to quiet title by adverse possession fails because plaintiff has not satisfied the requisite 15-year time period for claiming adverse possession.  Finally, plaintiff's claim for punitive damages fails because punitive damages is a remedy, and there is no underlying cause of action.  Accordingly, all of the claims asserted by plaintiff against defendant Litton are dismissed.

## V.   PLAINTIFF'S MOTION TO JOIN ADDITIONAL DEFENDANTS

Plaintiff has moved to join attorney Darren Goldberg and the

---

[3] Plaintiff does not challenge Litton's assertion that it is in privity with Chase.  Rather, plaintiff primarily argues that *res judicata* is not applicable because the events  underlying this case is not substantially related to the events underlying the Superior Court case. *See* Pl.'s Resp. to Def. Litton's (Third) Mot. to Dismiss, p. 3 (Doc. No. 49); Pl.'s  Opp. to Def. Litton's Renewed Mot. to Dismiss, p. 5 (Doc. No. 27). For the reasons stated above, the Court disagrees.

[4] Alternatively, Litton argues that plaintiff's TILA claim should be dismissed because it is barred by the statute of limitations, and plaintiff's FDCPA claim should be dismissed because Litton does not fall within the jurisdictional reach of FDCPA because it is not a debt collector.  The Court does not reach the merits of these two arguments because *res judicata* bars plaintiff's claims.

law firm of Draper & Goldberg, PLLC as additional defendants in
this case.  She argues that Darren Goldberg and Draper & Goldberg
are jointly and severally liable to the plaintiff because they
allegedly "manufactured and implemented a financial scheme with
an objective to deceive and defraud plaintiff and others of their
consumer rights." Pl.'s Joinder Mot., p. 4.  Plaintiff has
attached to her motion a class action complaint filed by other
plaintiffs in a Maryland state court which alleges that Draper &
Goldberg charged excessive foreclosure trustee fees and that
Chase and other lenders allegedly breached contracts with
borrowers by allowing the foreclosure trustee to charge more fees
than permitted by the deeds of trust in connection with the
foreclosure sales. *See* Ex. 1, Pl.'s Joinder Mot.

Defendant Chase contends that plaintiff's motion should be
construed as a second motion for leave to amend her complaint,
and that the Court should deny the motion because it is untimely
and the claims are barred by res judicata.

Rule 15 of the Federal Rules of Civil Procedure requires
leave of court in order to file an amended complaint once a
responsive pleading to the initial complaint has been served.
Fed. R. Civ. P. 15.  That leave, however, "shall be freely given
when justice so requires." *Id*.  Consequently, leave to amend
should be granted "[i]n the absence of any apparent or declared
reason - such as undue delay, bad faith or dilatory motive on the

part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Moreover, the decision to grant or deny a motion for leave to amend is in the discretion of the court. *Id*.

The Court, therefore, will construe plaintiff's motion to join attorney Darren Goldberg and Draper & Goldberg as her motion for leave to amend her complaint.  On June 8, 2005, the Court permitted plaintiff to amend her complaint. *See* Minute Order, June 8, 2005, *Johnson et al. v. Chase et al.,* CA 04-344.  The Court impressed upon the plaintiff that would be her "one final opportunity" to amend in view of the fact that her motion was filed more than a year after the filing of her original complaint and after the defendants had diligently prosecuted their respective motions to dismiss.

Now, more than two years after the filing of her initial complaint, plaintiff once again requests to amend her complaint for the second time to add two additional defendants and additional claims.  Although a leave to amend should be freely given when justice so requires, in this case, the Court finds that a leave to amend would be futile.  Darren Goldberg and the law firm of Draper & Goldberg were both named defendants in her Superior Court case.  To the extent that plaintiff intends to

raise new claims that Draper & Goldberg charged excessive fees and that Chase breached the terms of its loan agreement with plaintiff for permitting Draper and Goldberg to charge such fees, these claims are barred by res judicata for they relate to the foreclosure sale and could have been raised in the initial Superior Court action.

Further, although plaintiff alleges that the claims she would like to add are based on newly discovered information, the Court disagrees because the information was available to her earlier. "[N]ewly discovered evidence normally does not prevent the application of res judicata . . . . Exceptions to this general principle occur when evidence is either fraudulently concealed or when it could not have been discovered with due diligence." *Guerrero v. Katzen,* 774 F.2d 506, 508 (D.C. Cir. 1985).  Plaintiff knew when she filed her Superior Court case what foreclosure fees she paid and what payments were demanded of her.  Therefore, she cannot establish that the fees were either fraudulently concealed or could not have been discovered with reasonable diligence.[5]  In short, the Court denies plaintiff's motion to join attorney Darren Goldberg and the firm of Draper & Goldberg.

---

[5] Plaintiff does not allege in her motion that she paid any foreclosure fees, and defendant Chase asserts that plaintiff did not pay any such fees.  *See* Def. Chase's Opp. to Pl.'s Joinder Mot., p. 5.

## VI.   CONCLUSION

For the foregoing reasons, defendants Chase's and Litton's respective motions to dismiss are granted.[6]  Further, plaintiff's motion to join attorney Darren Goldberg and Draper and Goldberg PLLC as defendants is denied, and plaintiff-intervenor's claim against defendant Chase is dismissed without prejudice.  An appropriate Order accompanies this Memorandum Opinion.


**SIGNED:    EMMET G. SULLIVAN**
            **UNITED STATES DISTRICT COURT**
            **August 28, 2006**

---

[6] Also pending before the Court is plaintiff's motion for partial summary judgment as to defendant Chase on the TILA rescission claim in Count I and a motion for judicial notice on the facts surrounding this claim.  Plaintiff argues that she is entitled to summary judgment at this time because Chase has failed to disclose plaintiff's right of rescission under TILA. Plaintiff asserts that her TILA claim is not rebutted. Chase, however, contests plaintiff's arguments and asserts, as it has done in its motion to dismiss, that plaintiff's TILA claim is barred by *res judicata*.  For the reasons articulated in this Memorandum Opinion, the Court denies plaintiff's motion for partial summary judgment and her motion for judicial notice because plaintiff's TILA claim against defendant Chase is barred by *res judicata*.